CASHMAN, *Appellant*, v. CASHMAN'S HEIRS.

### Division One, July 9, 1894.

1. **Adverse Possession:** PAYMENT OF TAXES: VACANT LOT. The mere payment of taxes on a vacant lot will not create title by adverse possession.

2. **Equity:** CLOUD ON TITLE. In an equitable suit to remove a cloud from the title to land, the court only interferes to set aside instruments which have been or may be recorded and which might injuriously affect the title of the owner.

3. ———: ———: PARTIES. One claiming title as the only heir of an intestate can not maintain a suit by publication against the "heirs" of such intestate, to remove a cloud on title.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Carlisle & Ottofy* for appellant.

(1) Service by publication on unknown defendants is as good as personal service when statute is complied with. R. S. 1889, secs. 2022, 2027; *Troyer v. Wood,* 96 Mo. 480, and cases there cited; *State ex rel. v. Staley,* 76 Mo. 158; *Charles v. Morrow,* 99 Mo. 646, and cases cited; *Quigley v. Bank,* 80 Mo. 296; *Arndt v. Griggs,* 134 U. S. 316; *Adams v. Cowles,* 95 Mo. 506. (2) One acquiring title under the statute of limitations may come into a court of equity and have the cloud of the record title removed. *Moody v. Holcomb,* 26 Texas, 718; *Arrington v. Liscom,* 34 Cal. 370; *Marston v. Rowe,* 39 Ala. 722; *Gardner v. Terry,* 99 Mo. 526; *Sharon v. Tucker,* 12 S. Ct. Rep. 720; *Tourtelotte v. Pearce,* 27 Neb. 57; *Quinn v. Quinn,* 76 Iowa, 565. (3) The jurisdiction of courts of equity extends to the removal of a cloud from a title where, under the circumstances, there is not a plain, adequate and complete remedy at law. *Sneathen v. Sneathen,* 104 Mo. 206, and cases cited; *Sharon v. Tucker,* 12 S. Ct. Rep. 720; 3 Pomeroy, Eq. Jur. [2 Ed.], sec. 1399.

BRACE, J.—This is an appeal from the judgment of the circuit court of the city of St. Louis (dismissing the plaintiff's bill), to the St. Louis court of appeals, and by that court certified here as involving title to real estate. Before certifying the cause, that court considered the case and in an opinion written by BIGGS, J., in which the other judges of that court concurred, the law of the case is fully and correctly stated and applied. That opinion is as follows:

"The plaintiff claims to be the owner of a certain lot in the city of St. Louis, by reason of an adverse possession for more than the statutory period of limi-

tation.   Her counsel denominates this action as one in equity to remove a cloud upon her title.   Conceding that a title acquired by prescription will authorize the institution of a suit to remove a cloud from the title thus acquired, yet the judgment of the circuit court, under the view thus taken of the case, must be affirmed, because the plaintiff's evidence failed to make out a case of adverse possession.

"According to her own. testimony, the lot has always been vacant, and she admitted that she only paid the taxes thereon, without exercising any other acts of ownership.   This was not sufficient to create title by adverse possession.   *Chapman v. Templeton,* 53 Mo: 463.   Besides, if the action is to be treated as an equitable one to remove a cloud upon the plaintiff's alleged title, there is nothing as appears by the evidence, upon which the jurisdiction of the court could have been made to operate.   For the protection of the true owner of land, courts of equity only interfere to set aside instruments which have been or may be recorded, and which might injuriously affect the title of such owner.   Now, in this case the evidence showed that Jeremiah Cashman, the plaintiff's husband, died in 1869; that at the time of his death the title to the lot in controversy was vested in him, and that he claimed to be the owner thereof, and nothing since has occurred affecting the record title.   As the alleged adverse occupancy by the plaintiff occurred subsequently to the death of her husband, and as his title was in no way questioned, it is difficult to understand upon what the decree of the court could have operated, even though the plaintiff had established an adverse possession for the requisite time.

"But there is another view of this proceeding which we ought to notice.   Cashman died intestate in 1869, and, so far as the records of the probate court show,

the plaintiff was his only heir. She testified on the trial that, so far as she was informed, the deceased at the time of his death had no children, or their descendants, father, mother, brothers and sisters. If so, then the plaintiff, under the statute of descents and distributions, inherited the property in question as the sole heir of her husband. Now, under such circumstances was it possible for the court, by any decree which it might have entered, to relieve the plaintiff's title of this uncertainty? Assuredly not. It must be remembered that this proceeding was instituted by publication only, and is against the heirs of Jeremiah Cashman, without even naming them. How the court by its judgment could have affected the title of anyone to the lot in controversy we can not conceive. The decree would have been worthless, which is conclusive against the jurisdiction of the court.

"We, therefore, conclude that under any view, the judgment of the circuit court was right."

We adopt the opinion of Judge Biggs, and the judgment of the circuit court is affirmed. All concur.